Steel *against* the President, Directors and Company of the Western Inland Lock Navigation.

NEW-YORK,
May, 1807.

Steele
v.
Western In-
land Lock Na-
vigation Com-
pany.

THIS was an action of *trespass on the case.* The declaration stated, that the plaintiff was, in 1797, and now is possessed of a piece of intervale land, in the town of *German Flats.* That by an act of the legislature of this state, entitled "an act for establishing and opening Lock Navigations within this state," passed the 30th, March, 1792, and by virtue of subsequent acts amending the same, the defendants dug and constructed a canal, for the purpose of navigation, through certain intervale lands in *German Flats,* and which canal was dug, constructed, and carried through the plaintiff's land. By occasion of which, &c. the plaintiff's land, to wit, ten acres, adjoining and contiguous to the canal, by reason of the water leaking and issuing out of the said canal, and through the banks thereof, in consequence of the neglect of the defendants, &c. and in consequence of the stopping up by the canal of the neutral water courses and ditches, for carrying off the water from the said intervale land, had been overflowed and drowned with water, so that the plaintiff has totally lost the benefit and profits of the grass and corn thereon growing, and the said land has become totally barren, unproductive, of no value, &c. though before it was productive and valuable, &c. Whereupon the plaintiff saith she is injured, and has sustained damages to 500 dollars, &c.

The defendants pleaded the general issue, and gave notice that they should offer in evidence an act passed the

*In an action brought against the president, directors and company of the Western Inland LockNavigation, by the owner of land through which a canal was cut, the declaration which contained but one count, alleged, that the plaintiff's land contiguous to the canal, had been overflowed and damaged by reason of the water leaking through the sides or banks of the canal, in consequence of the neglect of the defendants, & in consequence of the stopping up, by the canal, of the natural drains & wa-*ter courses for carrying off the water. After a verdict for the plaintiff, it was held, that the defendants having proceeded according to the directions of the act of the legislature, in opening the canals, were not liable for any damages occasioned by cutting the canal through the plaintiff's land, but only for such damage as resulted from their neglect in keeping the canals and embankments in repair; after verdict, the court will intend, that the jury gave damages only for the actionable part of the declaration.

NEW-YORK,
May, 1807.

Steele
v.
Western In-
land Lock Na-
vigation Com-
pany.

* *Laws of N.
Y.* vol. 2. p.
304.
† *Ib.* 220.
‡ *Ib.* 324.
§ *Ib.* 334.

[*] 30th of March, 1792,* and the several acts amending the same, to wit, the acts passed the 22d December, 1792† and the 9th of March, 1793 ;‡ and also the act of the 4th of April, 1798 ;§ and that the defendants did strictly conform to all the directions of the said acts, and particularly the *third* section of the act of the 5th of April, 1798, (*a*) in relation to the land of the plaintiff, through which the canal passed ; and did pay to the plaintiff the sum assessed by the appraisers, and the costs of the appraisement, which were a full compensation as well for the land appropriated by the plaintiffs, as for all damages consequent to digging the canal.

The cause was tried at the *Herkimer* circuit, before Mr. Justice *Spencer*, the 24th of June, 1806. At the trial the plaintiff proved, that in 1798, the defendants caused the canal to be cut through the plaintiff's land, and which intersected, nearly at a right angle, several ancient drains or ditches, by or through which the waters formerly descended from the land to the Mohawk river ; that since the making of the canal, two or three acres of the plain-

(*a*) By this section, (*Laws of N. Y.* vol. 1. *pp.* 334, 335.) the Company are directed to cause a survey or map to be made of the ground which they deem requisite for the canal, distinguishing on the map the several owners, and the quantities intended to be appropriated, which map, with the field-book, is to be presented to the justices of the supreme court, or any two of them; and if they shall be of opinion, that the land so surveyed is not more than sufficient for the uses intended, they are directed to certify the same, and cause the maps and field books to be filed in the office of the clerk of the county in which the land is situated: the justices are thereupon, by writing under their hands and seals, to appoint not less than three, and not more than five discreet and uninterested persons, to appraise the land surveyed : and the appraisers are required to examine and value the land of each proprietor, and enter the valuation in a book, and certify the same under oath; and after proving the book and the certificate, to cause the same to be filed in the office of the clerk of the county where the lands are situated, to remain of record : And the company, on paying the owners of the lands the sums thus assessed, with costs of appraisement, are to become immediately vested with the fee simple of the lands so specified and appraised.

tiff's land contiguous to, and on the upper side of the canal, had become too wet for cultivation, and much less productive than before ; and that quantities of water, at certain times, leaked out, and run through the sides of the canal, and flowed over the land, by which it was rendered too wet for cultivation.

The defendants proved, that they had, in all things, conformed to the directions of the several acts above mentioned, and particularly to those contained in the third section of the act of the 5th April, 1798, relative to the appraisement of lands taken for the canal, and the compensation to the owners. The majority of the witnesses produced, on both sides, were of opinion, that not more than two or three acres of the plaintiff's land were injured by the canal, and that the damage was occasioned by the leaking of the water from the canal. Some of the witnesses thought that the injury proceeded in part from the obstructions of the ancient drains.

On this evidence the judge charged the jury, that though, in judgment of law, the plaintiff must be deemed to have been compensated for all the injury done to the land, except what arose from the neglect of the defendants in keeping the canal and embankments in repair; yet, in the state of the pleadings, the plaintiff in the declaration having blended the damage arising from both causes, in one count, and the defendants not having demurred, the jury were not bound to discriminate between the injury caused by the obstruction of the drains in the making of the canal, and the damage arising from the neglect of the defendants in not keeping the canal and embankments in repair ; but might assess damages to the plaintiff, for the whole injury proved.

The jury found a verdict for the plaintiff for fifty dollars damages.

On a case containing the above facts, the questions submitted to the court, without argument, were, 1. Whe-

NEW-YORK,
May, 1807.

Steele
v.
We.tern In-
land Lock Na-
vigation Com-
pany.

ther the verdict ought not to be set aside, and a new trial granted for the misdirection of the judge? 2. If the judge's charge was correct, whether the judgment ought not to be arrested for the insufficiency of the declaration? 3. If the plaintiff be entitled to judgment on the verdict, is he not bound to pay costs to the defendants?

THOMPSON, J. delivered the opinion of the court.

The plaintiff, so far as she sustained any injury in consequence of the culpable neglect of the defendants, in not keeping the canal in repair, was entitled to recover damages. The law necessarily imposes on the company the duty of keeping this canal in repair ; and in all such cases where an injury has been sustained, by the want of the due care and caution of another, such person must be responsible for the damage occasioned by his neglect and omission. (*Espinasse's Digest*, 598. 1 *Strange*, 334. 2 *Lev.* 72.) But no damages were recoverable for the supposed injury occasioned by the stopping up the cross ditches and drains. This must necessarily have been taken into consideration, in the appraisement of the damages and compensation to be made the plaintiff in the first instance. The law required the appraisers to ascertain the value of the land, *and the damages* sustained by the owner, in consequence of the appropriation of it to the use of the company. The injury on this score was inseparable from the very act of making the canal, and not occasioned by any neglect of a duty enjoined by law. The company, in making this canal, acted under the authority of an act of the legislature, and no action will lie against them for any damages occasioned by cutting the canal, unless they exceeded their jurisdiction. (4 *Term*, 794, *Governor & Co. of the cast plate manufacturers v. Meredith.*) All evidence of damages on this account ought therefore, in my judgment, to have been excluded. Admitting the declaration to have been defective, yet, if the defendants did not think proper to demur, I see no reason

why they might not, upon the trial object to the evidence. Had this been the only allegation of damages in the declaration, a very different question would be presented. The declaration, however, contains but one count, with two separate and distinct allegations of damages, the one actionable, and the other not. In such a case, I apprehend, no motion in arrest of judgment could be sustained; the court will intend, after verdict, that damages were only given for the actionable part of the declaration. (10 *Coke*, 130. *Willes's Rep.* 443. 5 *Bac. Ab.* 349.) Serjeant *Williams*, in his valuable notes to *Saunders' Reports*, (2 *Saund.* 169.) after collecting a great number of cases on this subject, observes, that the result of them all appears to be, that where it is expressly and positively averred in the declaration, that the plaintiff has sustained damage for a cause of action subsequent to the commencement of his suit, or previous to his having any right of action, and the jury gives entire damages, judgment will be arrested. But when the cause of action is properly laid, and the other matter comes in either under a *scilicet*, or is void, insensible or impossible, and it therefore cannot be intended that the jury ever had it under their consideration, the plaintiff will be entitled to judgment.

The relief which we can now afford the defendants appears to be attainable only by granting a new trial, on the ground that improper evidence was admitted. I am inclined to think, however, that substantial justice does not require this. Most of the witnesses, on both sides, ascribed the principal part of the damages to the leaking of the water from the canal. It is, therefore, fairly to be presumed, that this was the chief ground of damage taken into consideration by the jury, and that the result would be nearly the same on a second trial. This motion may, therefore, be denied, consistently with a fit and discreet exercise of the power of the court in granting new trials.

NEW-YORK.
May, 1807.

Under similar circumstances a new trial was denied by this court in the case of *Malin & Brown.* (January Term, 1803.) I am the more inclined to deny this motion, because the plaintiff has not recovered enough to carry costs, but on the contrary must pay costs to the defendants. The amount recovered is only fifty dollars, and the statute is explicit, that if the plaintiff (in cases like the present) shall not recover *above* the sum of fifty dollars besides costs, he shall not recover any costs, but shall pay costs to the defendant. (2 *Caines,* 213.*)

* *Van Horne v. Petrie & others.*

The court are therefore of opinion, that the motion for a new trial must be denied.

Judgment for the plaintiff.