WILLIAM ELLIS, Administrator of RACHEL PRITCHARD, *vs.* MO-
SES CULVER.

A joint tenant, or tenant in common, cannot maintain replevin for his share of an un-
divided chattel against his co-tenant ; or against a third person.

In *trespass* by a part owner, for an injury done to a chattel, the defendant must plead
the non-joinder in *abatement* ; but in *replevin* it may be taken advantage of by
*motion in arrest of judgment.*

If the narr. contain a good cause of action, but join with it matter which is not ac-
tionable, the defendant may *demur* as to that, or object to evidence applicable to it,
or ask a charge to the jury not to consider it ; if he do neither, and there be a ge-
neral verdict against him, the court will not arrest the judgment, but will *intend* that
the damages were given only for the actionable part, and this though there be but
one count.

REPLEVIN. Pleas, *non cepit* and property. Trial and verdict
for plaintiff ; and motion in arrest of judgment.

This cause was tried at the fall term, 1832, and the argument and
result of the motion is reported in 1 *Harr. Rep.* 76 ; but the grounds
of the decision are not given ; and the judgment rendered appears to
be contrary to the principles reported to have been decided. The
following opinion of the court, drawn up by Judge Black, was acci-
dentally omitted in the former report.

BLACK, *Justice.*—This is an action of replevin for taking and de-
taining a bed and furniture, a dining table, one chest, fifty bushels of
corn, six hogs, four sheep, one cow, one horse colt, and one-third of
four and a half stacks of fodder, of the goods and chattels of the plaintiff.
The defendant pleaded *non cepit* and property ; and the jury have
found for the plaintiff, and assessed his damages to $91 50.

A motion has been made to arrest the judgment, on the ground
that one tenant in common cannot maintain replevin for his undivided
share of a chattel, and that the writ and declaration show, that as to
a part of the property in controversy, (the fodder,) the plaintiff makes
claim of only one-third part.

The action of replevin is founded on the general or special pro-
perty of the plaintiff. If he have not the immediate right of possession
to the chattel, he cannot maintain this action.

The *primary* object of the action is to recover back the chattel
itself, and damages for taking and detaining it follow such recovery.
The *secondary* object of this action is to recover a sum of money
equivalent to the value of the property claimed, and likewise a com-
pensation for the injury sustained by the plaintiff, if the defendant
will not yield possession of the property, for the recovery of which
the suit has been instituted. Where the chattel is held in joint tenancy

or in common, the right of possession is in all the tenants or part owners, and not in any one of them. Until there is a severance, no one of the owners can by law sustain a claim to the exclusive possession of the chattel. His right to the possession is no stronger than that of his co-tenant. If such were not the rule of law, and there were six owners in joint tenancy or in common, five of these owners might institute their separate actions of replevin against the sixth co-tenant, each claiming the possession by his suit, and each might obtain a judgment for the restoration of the property, or damages to its value. To which of the five should the sheriff deliver the property, if the defendant should not give security on the writ being served?

If the property belonged to two, the plaintiff having a right to the one-fourth, and the defendant to three-fourths, and the defendant should not think proper to give security, and claim the property on the writ being served, or was unable to give the security, the property would be taken from him and delivered to the plaintiff, who claimed but the one-fourth and acknowledged the defendant's right to the three-fourths. The plaintiff, in such a case, would receive possession of three-fourths to which he did not pretend to have a claim. In the event of a recovery, and a writ *de retorno habendo* awarded, the possession of the entire chattel would be delivered to the plaintiff, while the defendant's title to three-fourths of it was undisputed.

In our judgment, therefore, a joint tenant or tenant in common, cannot maintain replevin for his share of an undivided chattel against his co-tenant, nor, as we conceive, against a third person who may have possession of it. The right to the possession is an *entire* right, and all the owners must unite in the action. In this opinion we are sustained by the authority of the case of *Hart* vs. *Fitzgerald,* in 2 *Mass. Rep.* 509, decided by C. J. Parsons, which was an action of replevin with two clauses or counts in the writ, one for the plaintiff's *undivided right,* the other for the undivided *half* of four hundred and fifty spruce logs—a chattel that was susceptible of severance—and by the case of *Gardner* vs. *Dutch,* in the 9th vol. of the same reports, page 427, and by the authority of *Hammond's Nisi Prius,* page 449.

In *trespass* by one part owner for an injury done to a chattel, the defendant must plead in abatement, that there is another owner not joined, and cannot take this objection in arrest of judgment. The defendant may waive the objection, and the law holds him to have done so, if he does not plead it in abatement. In trespass damages alone are sought for, and on proof of the plaintiff owning only a part or share of the chattel, which proof may be made on the trial under

the general issue, (*Gould*, 277,) they may be apportioned, (1 *Chitty*, 56–7,) and damages proportionate to the plaintiff's interest or share only will be given. It is for this reason, that the damages may be apportioned, that the motion to arrest the judgment cannot prevail in trespass, even where it appears by the plaintiff's own writ or declaration, that he is but a part owner, (6 *Term*, 766.) But this rule, which is well established in relation to trespass, and which is predicated on the power of the jury to do justice by apportioning the damages according to the interest of the party, does not hold in the action of replevin, for *possession* of the chattel and not damages is the *primary* object of the action—damages are a *secondary* object, and given to compensate for the value of the property where possession is withheld, and for the taking and detaining. Where, therefore, the record shows another person to be part owner of the chattel for which replevin is brought, it may be taken advantage of on a motion in arrest of judgment.

With these impressions as to the law, the court would have no difficulty as to the decision to be made, if this chattel held in common were the only one in controversy in this action. But the writ and declaration embrace various other articles, and this is the only one which, from the record or proof, appears to have been held in common—the plaintiff claims to be the sole owner of all the others. In such a case, ought the court to arrest the judgment? The extent of the injury to the defendant, in the present verdict, amounts only to $4 50, which, by the proof, was the value of the one-third of the four and a half stacks of fodder. If a *venire de novo* is to issue, or a new action to be brought, it will be to correct the error in the present verdict to that amount; for we are to hold the finding as to the other articles to be right.

If the rules of law are such that judgment on this verdict must be arrested, notwithstanding the smallness of the sum, and the little advantage to be derived by either party by another trial, the court must conform to those rules; but if those rules do not imperatively require such a decision, it will be a favor to both parties to refuse it.

To *so much* of this action as sought to recover the one-third of these stacks of fodder, the defendant might have demurred, (1 *Chitty*, 658,) and on that demurrer being, as it would have been, sustained, no proof in relation to the fodder would have gone before the jury, and it could not have been covered by their verdict. Nor are we aware that it would not have been competent for him to have objected on the trial to any evidence in relation to the fodder going to the jury, or to have called on the court to instruct the jury that they should not give damages for the fodder. In either mode

this fodder or damages respecting it would have been withdrawn from the consideration of the jury, and those matters only would have remained for their decision, for which this action properly can be sustained, and no necessity could have arisen for this case going before another jury. It was in the power of the defendant to have kept this matter from the jury ; he declines doing so—neither demurs nor objects to the evidence, nor asks the court to charge or instruct the jury on the point—goes to trial on the merits and speculates on his chance of a verdict. Will the court interpose after a verdict generally is given, which may cover this fodder, and at his instance arrest the judgment, on this ground, when, if he had thought proper, he might have excluded it from the controversy; or will they be sustained in inferring or intending in such a case that damages were given only for that part of the property claimed for which the action of replevin properly lies ?

The declaration contains but a single count. It may be good for part and bad for the residue. *Gould*, 195 ; 5 *Bacon*, 349.

Where a verdict is given in an action of slander, in which there is only one count in the narr., and where some of the words are actionable and some are not, the court will intend that damages were given for the actionable words only, and render judgment on the verdict. *Croke Eliz.* 328 ; *Archbold's Pl.* 196 ; 2 *Saunders*, 171, (*a;*) 1 *Chitty*, 384.

If several considerations be stated in one assumpsit, and one is void, and the others good, and damages be given " *ratione præmissorum*," (as in 1 *Lord Raymond*, 146 ;) or, if one of several charges be insufficiently stated, (1 *Lord Raymond*, 239 ;) or, if part of the promise set out be a *nudum pactum*, (2 *Johns.* 443 ;) or, if a count in a narr. contain a sufficient cause of action connected with matter not actionable, (15 *Johns.* 121 ;) or, if to a plea in bar to a part of the claim, and not guilty be pleaded as to the residue, the plea in bar be demurred to and sustained, and a verdict of " guilty in manner and form as plaintiff in his narr. had alledged," be rendered, (as in 1 *Day's Cases in Error*, 30 :)—the court, in each of these cases, held that they would *intend* that damages were given only for the considerations that were good ; or the matters that were actionable ; or the charges that were well stated ; and rendered judgment on the verdicts.

In an action of trespass against baron and feme, (2 *Strange*, 1094,) for *entering house, taking goods*, and converting them to THEIR use, the court held, that as the wife could not convert to her own use, they would *intend* that damages were given only for *entering the house* and *taking the goods*, and not for the *conversion*.

In *Bancroft* vs. *Coo, Croke James,* 664, which was an action of trover " *de uno risco,*" anglice a trunk full of fine linen, to the value of £20 ; and " *de una pixide,*" anglice a box full of bands, cuffs and shirts, to the value of £10, and of divers parcels of other goods, in which £80 damages were given ; the court refused to arrest the judgment, and held that they would intend that damages were given for the trunk only.

In the case of *Steele* vs. *the Western Inland Lock Navigation Company,* reported in 2 *Johns.* 283, the same principle is recognized.  It was an action on the case for an injury done to the plaintiff's land, by the water leaking through the banks of the canal, and by the *stopping up of the natural courses, &c.*  By the act of incorporation, the company was authorized to cut the canal, and of course to stop the natural water courses, and had paid the plaintiff the damages assessed by the appraisers for cutting through his land.  Judge Spencer, before whom the cause was tried, in his charge to the jury told them, that though in judgment of law, the plaintiff must be deemed to have been compensated for all the injury done to the land, except what arose from the neglect of the defendants in keeping the canal and embankments in repair ; yet in the *state of the pleadings,* the plaintiff in the declaration having blended the damage arising from both causes in one count, and the defendants not having *demurred,* the jury were not bound to discriminate between the injury caused by the obstruction of the drains in the making of the canal, and the damage arising from the neglect of the defendants in not keeping the canal and embankments in repair ; but might assess damages to the plaintiff for the *whole injury* proved.  A verdict was given for the plaintiff, and a motion submitted to the *Supreme Court* to arrest the judgment or grant a new trial, both of which were refused, the court saying, that as there was but one count with two separate and distinct allegations of damages, the one actionable and the other not, no motion in arrest of judgment could be sustained, and that they would intend after verdict, that damages were only given for the actionable part of the declaration, and this too when the judge who tried the cause, instructed the jury, that as the defendant had not demurred, they might give damages for those parts which were not actionable.

Upon the authority of these cases, and the principles they establish, we are not inclined to arrest the judgment in this suit.  The court are to decide this motion from what appears on the record ; from it, no objection is presented to the recovery of any part of the property claimed in the writ, excepting the fodder: from aught that appears, this action can be maintained by the plaintiffs against the defendant for all the other chattels.  It was entirely within the power of the

defendant to have withdrawn from the jury the consideration of damages for the fodder. It is by his own act, or by his acquiescence, that damages have been allowed for it, if they have been allowed.. He might have demurred, or objected to the evidence, or called on us to instruct the jury not to give damages for the fodder; and thus confined the jury to those chattels, to which there was no objection in law to a recovery by the plaintiff. As he has not adopted either of these modes, but by his acquiescence or silence, allowed the jury to take into consideration this chattel of no great amount, with the others for which this action properly lies, we are not disposed to put the plaintiff out of court or award a venire de novo, if this could be done, but to *infer* that damages were given by the jury only for those articles of property enumerated in the declaration, for which this action could be brought by the plaintiff, and sustained against the defendant.

Motion to arrest the judgment overruled unanimously, and judgment as of the October term, when the case was argued.