## EDWARDS *vs.* REYNOLDS.

Where a claim for damages is made up of good and bad items, and there is a general verdict for the plaintiff, it wil be intended on a motion in arrest of judgment that the verdict was given on the good items only.

MOTION in arrest of judgment. The grounds of the motion appear in the opinion of the court.

*By the Court,* COWEN, J. The first count alleges that the plaintiff, at the defendant's request, bought of Morehouse & Husted the furniture, &c., in the North American Hotel, for $4000, with their unexpired term in the house, ending in August, 1842, the plaintiff to take possession immediately. That in consideration thereof the defendant, who was the reversioner, and to whom the $400 rent was due, agreed to refrain from taking any steps to collect it till after May 1st, 1842; that the plaintiff should have the privilege of a farther lease, if he and the defendant could agree, and if not, the plaintiff should have the privilege of selling to whomsoever the defendant might demise. That the plaintiff purchased accordingly, entered, took possession of the furniture, &c., and sold the unexpired term, by the defendant's consent, to Barnum & Fairchild, with the furniture, &c., they to pay April 30, 1842, and have possession the 1st of May. That the defendant, however, distrained the furniture on the 30th, contrary to his agreement, in consequence whereof Barnum & Fairchild refused to complete the purchase; the plaintiff in order to pay the rent was obliged to sacrifice the furniture, &c., by sale at auction, besides losing his time in journeying to

Connecticut, in order to consummate his bargain with Barnum & Fairchild. The second count was the same in substance. There was a general verdict for the plaintiff, with $686.88 damages.

The defendant's counsel moved in arrest of judgment. Various points were taken against the validity of the contract as set forth, which we considered so plainly without foundation that no time would have been taken to consider the case any farther, had it not been for the claim set up by the counts for special damages. The claim that the goods were sacrificed at auction, and that for expense of journeying to effect a resale were clearly improper items; and it is scarcely conceivable how, independently of them, the damages should have been so high. However, I suppose the judge instructed the jury to allow nothing on either of these grounds, as we should otherwise have the question before us on a case. We were not, at the moment, aware how this question should be treated on a motion in arrest, not distinctly recollecting the reported cases, and counsel not being able then to furnish us with the proper references. The plaintiff's counsel afterwards mentioned the case of *Steele* v. *The Western Inland Lock Navigation Company*, 2 Johns., 283, which appears to be in point against the motion. The rule, as there stated, is that where the claim of damages is mixed up of good and bad items, though the verdict be general, it shall be intended that damages were found for the actionable items only. The court said that a claim beyond that is the subject of objection at the trial. It follows that the defendant has mistaken his remedy. His course was to take the objection at the circuit and, if overruled, move upon a case or bill of exceptions. We must intend, it seems, that the trial was so conducted as to exclude damages for the plaintiff's loss by the derangement in his own affairs, which it was conceded could not be claimed upon this contract. It may sometimes be done where the plaintiff is put in motion by the contract, as if it be for the demise of a tavern stand at a distance, to which he removes with his family, and on arrival is disappointed by a refusal. This, however, goes on the expense being in the contemplation of the parties. It

is the immediate result and follows from the nature of the contract. The accidental journeying in order to dispose of a thing purchased, or the sacrifice by being obliged to sell goods and raise money, in consequence of another agreeing not to sue or distrain for a debt, is quite different. The consequence is too remote. But we can not relieve by motion in arrest.

Motion denied.