The opinion of the court was delivered by
Hornblower, Ch. J.
No exceptions were taken to evidence on either side, on the trial of the cause; or at least it does not appear by the bill of exceptions, that any were taken; but, after the-cause had been summed up, the judge delivered a charge to the jury. This charge, which neatly engrossed, occupies fifteen pages of large foolscap, was excepted to in gi’oss; and is thus contrary to repeated decisions of this court, and I may add, the well settled rule of law upon this subject, spread in extenso upon the record. Phelps adm. Oliver, 1 Spencer’s R. 180. Camden v. Doremus, et al. 3 Howard’s U. S. R. 515. We cannot, in justice to ourselves, and more especially to the judge before whom the cause was tried, nor with safety to the administration of justice, sitting as an appellate court, entertain assignments of error upon any part of a judge’s charge, or upon any legal proposition contained in it, which were not specifically excepted to, in the court below, and to which the judge’s attention was not called at the time, so as to afford him an opportunity of explaining himself, or of changing or modifying his charge in that particular. If indeed, a charge consists of a single legal proposition, or gives directions to the jury upon a single abstract point of law, an exception may well be taken to the whole of such charge. But when it is voluminous, and embraces a variety of legal topics, the bill of exceptions ought to show the part or parts of it, or the point or points in the charge, to which the exception was taken. This may be done, either by saying in the bill, that the party excepts to so much of the charge as instructs the jury that the law is so and so; or by stating, by way of recital, the part of the charge excepted to; or by calling on the court to charge in a certain way; and if the court refuse so to charge, then by excepting to such refusal.
I shall, therefore, in this case, confine my examination to the errors assigned on the declaration. Those errors are two in number, but in substance they are the same, and may be considered together. It is objected by the plaintiff in error, that in both counts of the declaration, the plaintiff below, although he *539 claims only as a reversioner, has complained not only for injuries done to his reversion, but also for such as affect only the possession and the rights of the tenant; and that therefore there is a misjoinder of rights and causes of action, in both counts of the declaration — assuming this to be so, the counsel for the plaintiff in error insists that the declaration would have been bad on general demurrer ; that the misjoinder was not cured by verdict, and was therefore fatal in arrest of judgment, or on writ of error. In support of this position, the counsel for the plaintiff cites and relies upon the case of Farwell v. Smith, in this court, 1 Har. R. 133. On the other hand, the counsel for the defendant in error insists that if there is such misjoinder in the declaration, it is too late for the plaintiff in error to avail himself of it; and he cites the case of Steele v. The Navigation Co., in the state of New York, reported in 2 Johns. R. 283. It cannot be denied, that there is an apparent, and, indeed, I am inclined to think, a real conflict between these eases; and although it is' not necessary, for the decision of this cause, yet I think it my duty to vindicate the opinion of this court in the case of Farwell v. Smith, from the charge of error. In that case, the plaintiffs in both counts of their declaration had complained, that the defendant had not kept the look and sluiee in repair, as by law, they were required lo do: whereas the plaintiffs were not entitled by law, to recover any damages of the defendant, by reason of the sluice being out of repair. The j ury rendered a general verdict for the plaintiffs; and this court arrested the judgment on account of the misjoinder, although there was no reason to believe that any damages had been given by the jury, on the ground of the sluice being out of repair.
In the case cited from 2 Johns. 283, the plaintiff had declared, not only for an injury to his land, by means of cutting a canal through it, and for which, by the law authorizing the canal, he was not entitled to recover in such an action ; but also for injury done to his land by leakage by reason of the banks not being kept in repair, and for which the plaintiff was entitled to recover in that action.
The judge, before whom that case was tried, told the jury, that as the defendants had not thought proper to demur to the *540 declaration, but had referred themselves to the country upon the whole case, they were not bound to discriminate, but might render damages for the whole injury complained of. In this I think he was right. The jury accordingly rendered a general verdict for the plaintiffs; and on the motion to set aside the verdict and grant a new trial, Mr. Justice Thompson, who delivered the opinion of the court, said, that in the first place, notwithstanding there had been no demurrer on account of the misjoinder of the causes of action, yet the defendants might have objected to receiving any evidence of the injury complained of, for which the plaintiff had no right to recover. And secondly, that, after a general verdict in such a case, the court would presume that no evidence had been given for the unlawful claim of damages. It is certainly a little singular, that.this presumption was made jn direct contradiction to the charge of the judge, before whom the cause had been tried. But in my judgment, this is not the law. The defendant, at the trial of a cause at the circuit, cannot object to, nor can the judge rule out, any lawful evidence offered in support of any allegation or averment in pleading, upon which the parties have taken issue and put themselves upon the country. Such a practice would be equivalent to putting in a parol demurrer at the trial of the cause. Is a judge, at the circuit, to decide how much of a declaration or plea is good or bad, after issue has been joined upon it, and the cause on trial ? If that is so, then there is no longer any use of filing and discussing demurrers at the bar of this court, before the cause is sent down for trial. The whole matter of pleading may as well be left to be decided at the circuit; and the judge, instead of trying the issue, may decide that the declaration contains no cause of action, or the plea no matter of defence; and rule out all the evidence. But this is not the law. The judge, in that case, as in the one now before us, could not reject any lawful evidence, offered in support of the issue joined between the parties. Nor had he any right to exclude, from the consideration of the jury, such evidence, on the question of damages. This is not like the case of some good and some bad counts. In such cases, in the absence of any statute like ours, giving effect to a general verdict, the court will refer itself to the judge’s notes ; and if the *541 evidence given at the trial was applicable to a good count, will direct the postea to be amended, and give judgment accordingly. But in the ease before ns, if the objection of the plaintiff in error is well founded, there is no good count, and the judgment must be reversed. Neither, in my opinion, do the books, cited bv Mr. Justice Thompson, sustain his decision. Sergeant Williams, in the place cited, says, that mere expository matter, laid under a videlioit or an innuendo, which does not flow from the substantial allegations in the declaration, may be rejected by the court, or rather, will not be deemed as alleged at all. So if insensible or improbable matter is averred, in connection with a legal cause of action, as a ground for damages, it will not vitiate a general verdict. As if the declaration, in connection with the averment of something which constitutes a legal cause of action, alleges an impossible injury, or its continuation to a time not yet come, it will be rejected as surplusage. But it is shown, by the same book in the note referred to, from the cases there cited, that if the plaintiff, in a regular way, declares in the same count, for matters not actionable, in connection with a good and legal cause of action, and recovers a verdict on such count, the judgment must be arrested.
If therefore there is such misjoinder of canses of action in this case as the plaintiff in error supposes, the judgment must be reversed.
But such, I apprehend, is not the case. , Upon the issue joined in this ease, the question before the circuit court, was a question of evidence, and not of pleading. By this I mean, that all the injuries complained of in this declaration, may have been, as the plaintiff below has averred them to be, injuries to the soil, or to his reversionary estate. Whether they were so or not, was a question of fact for the jury, under the direction of the court.
It is not necessary that the wrongful acts of the defendant, averred in the declaration, should be of such a character or description, as neoessarily and inevitably to injure the inheritance. The rule of pleading on this subject, is clearly laid down, in Jackson v. Pesked, 1 M. and S. 234, and recognized and acted on in subeequent cases. It is this, that if the plaintiff sue as reversioner, he must either state an injury of such a permanent nature, *542 as. to be necessarily injurious to his reversion ; or if the wrongful acts complained of, are not of such a nature as necessarily to result in an injury to the reversionary estate, but only of an equivocal character, the.plaintiff must aver that they were done to the damage, or prejudice of his reversion ; and in the latter case, the want of such averment, will be fatal on demurrer; or good cause for arresting the judgment. This is the view of the subject taken by Taunton, Patterson and Parke, justices, in Baxter v. Taylor, 4 Barn. & Adolph. 72. 24 Eng. Com. Law, 26. In that case, the plaintiff complained, that the defendant, contriving to injure him in his reversionary estate and interest, wrongfully, &c., put and placed upon the close, divers large quantities of stones; and also with the feet of horses and the wheels of carriages, spoiled and destroyed divers parts of the close, “ whereby he was greatly injured in his reversionary estate and interest therein.” The defendant pleaded not guilty, and on the trial the plaintiff proved his title, and that the defendant had entered with his horses and carriages; but Parke, Justice, being of opinion that the plaintiff had given no evidence of an injury to his reversion, non-suited the plaintiff, giving him leave to move to set it aside, and enter a verdict. After argument of the motion, Parke, Just., referring to the case of Jackson v. Pesked, above cited, remarked, that if an allegation, that the wrong complained of was an injury to the reversion, was necessary, it was material, and must be proved. But evidence that the defendant went with carts over the close, and made a temporary impression on the soil, by the horses and wheels, showed that the damage was not of a permanent, but of a transient nature ; and therefore, necessarily, no injury to the reversion. Of this opinion were the other judges, and' they refused the rule. It is clear, however, that if the plaintiff in that case had proved such an injury to the soil and freehold, by the horses and wheels, as necessarily prejudiced the reversionary interest of the plaintiff, he would have been entitled to recover upon that declaration. In the case now before us, the plaintiff avers, that the defendant unlawfully obstructed the natural stream, so as to turn its course into and upon his land and to overflow the same, and thereby to rot, spoil, damage, wash away and destroy the grass and herb *543 age, there being and growing; and to make the land boggy, miry and rotten, to the injury of his reversionary estate. What can be a more permanent injury to a freehold, than to have it overflowed with water, and made rotten, boggy and miry? But it is argued that the rotting, spoiling, damaging, washing away and destroying of the grass and herbage, was only an injury to the tenant, and that if the declaration had contained nothing more, it would have been bad on a general demurrer. But 1 think otherwise. Under such a declaration, upon the general issue, the plaintiff might have proved such an injury and total destruction of his meadow grounds, as amounted to waste; and the reversioner is clearly entitled to an action for the waste and destruction of his lands.
At the common law, grass is not included in the word emblements, because it is the natural profits of the soil. Co. Litt. 55, 56; 2 Jac. Law Dic. 374 ; and therefore to destroy meadow or pasture land, either by digging up or subverting the soil, or by overflowing it with water, and thereby drowning the land, and rotting the grass there being and growing ; or turning meadow land into arable, is waste, at the common law; and whatever amounts to waste is an injury to the freehold. 6 Jac. Law Dic. 394.
If therefore, the plaintiff had only averred that the defendant had turned the water upon and overflowed his land, and thereby rotted, destroyed and washed away the grass there being and growing, he might have proved on the trial such an extent of injury to his laud and meadow grounds, as seriously affected his reversionary estate. It is no argument to say that the tenant, if the action had been brought by him, might have declared in the very language used in this declaration. This is certainly true. There are many injuries that may be done to lands, which affect, as well the landlord as the tenant, and for which the former may have an action on the case, and the latter an action of trespass; and in which the wrongful acts may he, and sometimes must be, described in the same way. For instance, digging up the soil, cutting down fruit, or timber or ornamental trees ; or breaking or destroying the dwelling house; and in short, whatever amounts to waste, is an injury to both, and may be described by both in *544 the same way. There are other injuries that, from their very Tature, can only be prejudicial to the possession ; such as cutting or trampling down the grass or grain growing; or gathering and carrying away fruit from the orchard ; and therefore, if the landlord were to declare for such injury, it would be bad on demurrer, even though he should aver that it was done to the prejudice of his reversion, since such averment would be inconsistent with, and in fact contradictory to his own statement of the trespass.
For these reasons, I am of opinion the judgment ought to be affirmed.
Judgment affirmed.
Whitehead J. did not hear the argument and gave no opinion.
Cited in Oliver v. Phelps, 1 Zab. 609; Jackson v. Todd, 1 Dutch, 125; Tinsman v. B. D. R. R. Co., 1 Dutch, 263-266.