8 N.J. Super. 61 (1950)
73 A.2d 268
EDWARD J. WOHLFARTH, PLAINTIFF-RESPONDENT,
v.
SPENCER KELLOGG & SONS, INC., DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued May 1, 1950.
Decided May 17, 1950.
*62 Before Judges JACOBS, DONGES and BIGELOW.
Mr. Andrew O. Wittreich argued the cause for plaintiff-respondent.
Mr. Walter F. Waldau argued the cause for defendant-appellant (Mr. Louis E. Saunders, attorney).
The opinion of the court was delivered by DONGES, J.A.D.
This is an appeal from a judgment of the Law Division of the Superior Court. The case was submitted to the jury and a verdict was rendered in favor of plaintiff.
It is unnecessary to elaborate on the facts of this case. The defendant is complaining that the judge's charge was erroneous.
At the conclusion of the charge by the trial Judge, the Judge made the following statement:
*63 "I might say, Mr. Saunders, your request will not be charged in view of the fact that it was submitted to the Court after the summation of Counsel."
Mr. Saunders, defendant's attorney, replied as follows:
"May I note an exception to the charge?"
It is by virtue of this latter statement that defendant seeks a review of the Judge's charge and reversal of the judgment for alleged errors contained therein.
It has long been established in this State that a reversal on a general exception to a charge will not be granted, for alleged errors in a charge, where the charge contains several propositions of law, unless all are erroneous. Oliver v. Phelps, 20 N.J.L. 180 (Sup. Ct. 1943); Potts v. Clarke, 20 N.J.L. 536 (Sup. Ct. 1845); Simmons v. Lee, 117 N.J.L. 370 (E. & A. 1936).
It is the duty of the person taking exception to a Judge's charge, to point out the alleged defects and the reasons for his exceptions, in order to afford the judge an opportunity to correct the alleged errors.
This rule, although the mechanics are different, has been specifically incorporated in the Rules of Civil Procedure. Rule 3:51 provides in part as follows:
"No party may urge as error any portion of the charge or omission therefrom, unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection."
This rule is substantially the same as Rule 51 of Federal Rules of Civil Procedure, 28 U.S.C.A. The federal courts have ruled that general exceptions to a charge are not sufficient to permit the appellate court to reverse. Krug v. Mutual Ben. Health & Accident Association, 120 F.2d 296 (C.C.A. 8th Circuit, 1941); Mill Owners Mutual Fire Insurance Co. v. Kelly, 141 F. 2d 763 (C.C.A. 8th Circuit, 1944).
It is obvious, that, in this case, the criticism which defendant now directs to the charge of the court was not *64 brought to the attention of the trial Judge at the trial. He had ample opportunity to object and to state his reasons therefor at that time.
We have carefully reviewed the Judge's charge and find that all the propositions therein contained are not erroneous. Read as a whole, the main issues were fairly put before the jury.
The judgment under review is affirmed.