<div style="text-align:right">Hopkins et a.<br>*v.*<br>Crombie et a.</div>

---

# JONAS WOODS *versus* THE NASHUA MANUFACTURING COMPANY.

It is a good plea in abatement that the action is misconceived.

When the legislature authorises an act, the necessary consequence of which is damage to the property of another, and at the same time prescribes the particular mode in which the damage shall be ascertained, and compensated, he who does the act cannot be liable as a wrong doer.

THIS was an action of the case, for erecting a dam across the river Nashua, in Dunstable, and continuing the same dam for two years from the 1st November, 1825, and by means thereof causing the water to overflow the plaintiff's farm, whereby the farm was injured, the trees and timber destroyed, and the communication between different parts of the farm interrupted.

The defendants pleaded in abatement of the writ, that by an act of the legislature of this state, passed on the 9th December, 1824, they were authorized to build and construct a canal, together with such locks and dams across the Nashua river, and towing paths upon its banks, as they might think necessary, from Merrimack river, in the town of Dunstable, to the southerly boundary of this state, along the course of said Nashua river, and to change the course of the waters of the same whenever needed, and to make artificial channels or canals from one portion of the said Nashua river to another, whenever they might judge it expedient so to do, provided that the said company should not, in the prosecution of the foregoing objects, take the water in such way and manner as to impede the operation of any mills as then used, or injure any mill site as then occupied ; and that, in all cases, where any person should be damaged in his property by said company for the purposes aforesaid, in manner as aforesaid, and the company did not, within twenty days after being requested thereto, make or tender reasonable compensation to the acceptance of the person so damaged by them as aforesaid, the person so damaged might apply, by petition, to the superior court of judicature, to have the damages by him sustained as aforesaid, estimated and adjudged to him ; and that in and by the said act, it was further provided, that the person so damaged should, in his petition, distinctly set out his title and the injury of which he complained, " and that said court, after reasonable notice given, shall appoint a committee for said purpose, and the committee

after giving due notice to all parties interested shall view the premises and estimate the damages, and their report being returned, &c. and judgment rendered thereon by said court, shall be final, and execution shall issue accordingly ; or in case the party so injured shall elect, the court may direct an issue to the jury to try the truth of the facts so alleged and complained of, and the jury, upon such hearing, shall assess and fix the damages, and judgment being rendered upon such verdict shall be conclusive, &c. Provided, nevertheless, that if any judgment rendered as aforesaid, shall not be satisfied, or tender thereof made with interest, within sixty days after demand, &c. the party so injured may commence and sustain an action of trespass against any individual or individuals so committing the acts aforesaid." It was then alleged in the plea, that the defendants on the 1st November, 1825, did erect a dam across said Nashua river, in Dunstable, for the purpose of constructing a canal in pursuance of said act, from said Merrimack river to the southerly boundary of the state, along the course of said Nashua river, and did necessarily for the purpose aforesaid keep up said dam for two years, and so unavoidably did the acts of which the plaintiff complains. And because the plaintiff has not applied by petition to the superior court to have the damages estimated and adjudged, the defendants pray judgment of the writ, &c.

To this plea the plaintiff demurred, and the defendants joined in demurrer.

*Charles G. Atherton* and *C. H. Atherton*, for the plaintiff. *French* and *Farley*, for the defendants.

*By the court.* It seems to be a good plea in abatement, that the remedy is misconceived by the plaintiff, although such a plea has been rarely used in modern times. 1 Chitty's Pl. 442 ; Com. Dig. " Abatement" G. 5 ; 1 Shower, 68, *Wilkins* v. *Wilkins* ; 1 Tidd's Practice, 583.

It is a well settled principle, that when the legislature authorizes an act, the necessary and natural consequence

<div style="float:left">Woods<br>*v.*<br>Nashua M.C.</div>

of which is damage to the property of another, and at the same time prescribes the particular mode in which the damage shall be ascertained and compensated, he who does the act cannot be liable as a wrong doer. 1 N. H. Rep. 339, *Lebanon* v. *Olcott* ; 5 Pick. 292, *W. W. M. Company* v. *Upham* ; 12 Mass. Rep. 466, *Stevens* v. *Middlesex Canal* ; 2 Johns. 283 ; 11 Mass. Rep. 364, *Stowell* v. *Flagg* ; 2 B. & C. 703, *Boulton* v. *Crowther* ; 6 Taunt. 29, *Sutton* v. *Clarke* ; 4 D. & E. 794.

*Judgment that the writ abate.*