# CHESHIRE,

## DECEMBER TERM, A. D. 1850.

---

## ALDRICH v. CHESHIRE RAILROAD COMPANY.

When the Legislature has authorized an act, the necessary and natural consequence of which is injury to the property of another, and at the same time has prescribed the mode of compensation, he who does the act cannot be liable as a wrongdoer.

Where damages have been assessed by the commissioners to a land-owner for injury done him by excavations in his land for the purposes of a railroad, an action on the case to recover further damages cannot be sustained against the railroad corporation.

The assessment of damages by commissioners is not a cumulative remedy, but is the substitution of one mode for another, and their decision is final upon the merits, subject only to the right of appeal.

The plaintiff's buildings were supplied with water from a permanent spring. After an excavation had been made in his land for the purposes of a railroad, water appeared in the excavation, about fifteen feet below the surface of the ground, and the spring disappeared. Damages were assessed to him before the excavation was made. *Held*, that the injury to the spring must be presumed to have been considered by the commissioners, and that an action to recover damages therefor could not be sustained.

CASE. The declaration alleged, that upon the plaintiff's farm in Westmoreland, there was a permanent spring, which supplied the plaintiff's house and barn with water and irrigated his land; and that the corporation by excavations, &c., diverted the water from its accustomed course, &c., to the injury of the plaintiff.

At the trial upon the general issue, the plaintiff's evidence tended to prove that until the excavations complained of, there was an abundant supply of water from a spring upon the plaintiff's land for all his purposes; that directly upon the excavation being made, the water disappeared from the spring, and a stream of

water began to flow in the excavation, at a point about fifteen feet below the surface of the ground and about a foot and a half above the grade of the railroad. It was admitted that the corporation were authorized to construct the road, that it passed through the plaintiff's land, and that damages were duly assessed to him as a land-owner. The question of damages was submitted to the jury, who returned a verdict for the plaintiff for the sum of $300. The defendants moved to set aside the verdict upon the following grounds :

1. The injury complained of by the plaintiff necessarily resulted from the construction of the railroad through his land, and the damages awarded by the commissioners must be presumed to have included damages for the injury in question.

2. The defendant, having the right to make the excavations in the plaintiff's land necessary in constructing the road, cannot be liable for interrupting or cutting off any underground springs or runs of water in making such excavations.

*Wheeler,* for the defendants. If the commissioners have a right to assess damages for any thing, it is for the injury which *naturally* and necessarily results from the proper construction and use of the railroad. They are not merely to assess the value of the soil taken, or the injury to the land, but " the damages sustained by the owners of land." N. H. Laws, Act of November, 1844, ch. 128, § 5. By the assessment and payment of damages, the corporation acquired the right to construct the road, and, of course, the right to use the proper, usual, and necessary means to accomplish that object. As the water in the excavation flowed from a place considerably above the bed of the road, the injury to the plaintiff's spring must be presumed to result from the grading of the road. The writ contains no allegation of negligence or malicious injury on the part of the corporation or its agents. It may be said that the injury of which the plaintiff complains could not have been foreseen, and so could not have been considered by the commissioners. In no case, perhaps, can the exact nature and extent of the injury be foreseen and considered ; but that, surely, cannot affect the principle upon

which the damages are to be assessed. If we could go behind the award, and inquire what was or was not considered by the commissioners, and whether they were or were not fully aware of the nature and extent of the injury sustained by the land-owner, there would be opened a field of endless litigation, certainly not contemplated by the statute. And if these questions could be considered in any case, they do not arise under the mode of redress which the plaintiff has adopted in this action. If the land-owner is dissatisfied with the assessment of damages, he has his remedy by appeal under the statute, and not by an action on the case.

It is to be presumed that the commissioners, having acted in the matter, did their whole duty, and assessed damages for all injuries which they might lawfully take into consideration. And it must be a very narrow construction of the law which would exclude from their consideration an injury to a spring of water under the circumstances of this case.

The corporation had the right to make the necessary excavations, although the plaintiff's supply of water was thereby diminished or diverted from its former course. *Greenleaf* v. *Francis,* 18 Pick. 117 ; *Acton* v. *Blundell,* 12 Mees. & W. 324. Under the facts in this case no adverse rights to the water could be acquired against adjoining owners, much less against the defendant who claims under the plaintiff. 18 Pick. 122.

*Chamberlain,* for the plaintiff.

GILCHRIST, C. J. The act of November, 1844, requires the commissioners " to assess the damages sustained by the owners of land." Whether the commissioners take into consideration all the circumstances proper to be adverted to by them, depends on their attention to the subject, and their capacity to come to a correct conclusion. But the result they reach is conclusive upon the party, unless there be an appeal from their decision. This is plainly the intent of the statute, for the institution of this tribunal would be useless, unless their estimate should be regarded as final. Any other view of the question would lead to great

practical difficulties; for if we might go behind their assessment, it would be impossible to draw any line beyond which we should not proceed. There would be scarcely any injury a land-owner could sustain, which might not be said with more or less plausibility, to be one which the commissioners did not take into consideration. They are not bound to specify each injury and the sum awarded for it, and thus enable us to ascertain in what manner and upon what grounds their judgment has been made up, and when this is not done it is obviously impossible for the Court to say, that for this or that special injury the land-owner has received no compensation. To require this of them would take from them all power of action as an independent tribunal. It would not permit them to exercise their own judgment without any supervision over the merits of a case, as the statute intended, unless where an appeal has been interposed; but would compel them to be interrogated, and in a manner cross-examined as to the mode in which they had discharged their duties. Having the power to consider all the injuries the owner has sustained, and having made an assessment, the presumption is that they have done their duty, and have considered all matters worthy of their attention.

It is a well-settled principle in this State, that when the legislature has authorized an act, the necessary and natural consequence of which is damage to the property of another, and at the same time has prescribed the particular mode in which the damage shall be ascertained and compensated, he who does the act cannot be liable as a wrongdoer. *Lebanon* v. *Olcott*, 1 N. H. Rep. 339; *Woods* v. *Nashua Man. Co*. 4 N. H. Rep. 527. Both these cases were actions on the case for erecting dams, and causing injury thereby to the respective plaintiffs, and in each of them damages were awarded by a committee designated in the charter of incorporation, and the position above stated was not denied by the plaintiffs.

If we were to consider the remedy by the award of the commissioners as merely cumulative, we should defeat the manifest object of the legislature, which was, not to give an additional remedy to the party injured, but to substitute one proceeding for

another, in the first instance; and this mode of indemnity was supposed to be more convenient than the other and usual remedy at common law. In other States the decisions have been similar to those in this State. *Stevens* v. *The Middlesex Canal*, 12 Mass. 466. In the case of *Steele* v. *The Western Inland Co.* 2 Johns. 283, the legislature authorized the defendants to dig a canal through the property of individuals, and provided for the appointment of appraisers to assess the damages. The plaintiff brought an action on the case against the defendants to recover damages, among other things, for the injury occasioned by stopping up his cross-ditches and drains. But it was said by Mr. Justice *Thompson*, that this must necessarily have been taken into consideration in the appraisement of the damages and compensation to be made the plaintiff in the first instance. "The law required the appraisers to ascertain the value of the land, and the damages sustained by the owner in consequence of the appropriation of it to the use of the company. The injury on this score was inseparable from the very act of making the canal, and not occasioned by any neglect of a duty enjoined by law."

There is nothing in the present case to show, that the damage complained of was not the necessary consequence of a lawful act. That the commissioners could not probably have anticipated as a matter of fact, the cutting off the stream of water in the place excavated for the railroad and the consequent injury to the plaintiff, may be an argument against the expediency, but not against obligation of the law in question. As it does not appear that the cuttings and excavations were not made in a proper and reasonable manner, we think the action cannot be maintained upon these facts.                              *Verdict set aside.*