## HENNIKER *v.* CONTOOCOOK VALLEY RAILROAD.

Where a statute authorizes the doing of certain acts, the necessary consequence of which will be to injure the property of another, and at the same time provides a remedy for the recovery of the damages, the party injured is confined to the statute remedy for such damages.

A declaration to recover damages, given by a special statute, should contain allegations embracing all the material elements of the statute.

A recovery cannot be had upon a declaration at common law, where the evidence shows the grievances to consist of acts authorized by statute, and a specific remedy is given for the same by the statute.

The C. V. Railroad had, in the process of its construction, the legal right to pass over and destroy a portion of a certain highway in the town of H., and a general statute of the State provided a specific remedy for the injury so done,—*held,* that, to recover for the acts which were done according to law, the declaration should be specially founded upon the statute, and that an action for such acts could not be maintained upon a declaration at common law.

CASE, upon the statute for filling up and obstructing a certain highway in the town of Henniker, by the construction across the same of the defendants' railroad.

The declaration was as follows: " In a plea of the case

Henniker *v.* Contoocook Valley Railroad.

for that on the first day of January, in the year of our Lord 1850, there was, and for a long time before that day had been, is now and ever since has been, a public highway in said town of Henniker, leading from the southwesterly end of the wooden bridge, across the Contoocook river, in the southerly part of the centre village in said Henniker, south-easterly to and by the stone house so called, formerly occupied by A. M. Tucker, deceased, in said town of Henniker.

Yet the said defendants, well knowing the same, on the said first day of January, 1850, filled up a large portion of said highway, between said bridge and said stone house, with a great quantity of earth and stone, so as to entirely stop the travel from passing over and along where it had done for many years, and without providing any convenient or safe passage around the same, thereby obstructing the said highway, and making it both inconvenient and dangerous to all persons who have occasion to pass over and along said highway; and although the said defendants have been notified in writing of said obstructions, and requested to remove the same, and although more than sixty days have long since elapsed since they were so notified as aforesaid, the said defendants ever have and still do neglect and refuse to remove said obstructions from the said public highway. To the damage, &c."

It appeared in evidence that the railroad was constructed at the point referred to in the declaration, some time in the fall of 1849; that it crossed the highway upon a curve; and that the embankment of the railroad filled up and obstructed nineteen rods of the highway. It further appeared that before and at the time the railroad was constructed, the highway at the point of obstruction and for about fifteen rods above and below that point, was nearly straight, and was built and raised up by walls of stone on each side, and filled up with gravel, making a causeway for the distance of about thirty rods, from twenty to twenty-five feet in width, and from one to four feet high. That before the

railroad was built the highway was dry, and there was a sufficient ditch upon the upper side to carry off all the water. It further appeared that the railroad embankment, at the place of crossing, was fifteen feet above the road, as formerly and at present traveled. That the highway now passes under the railroad by a substitute, constructed by the defendants, about one rod and a half longer than the old road. That the passage way under the track, between the walls of the railroad, is seventeen feet in width, is dark, and quite crooked and on curves and angles. The walls of the old highway are covered up by the railroad embankment. It further appeared, that, in constructing the substitute, it was dug into the side of an abrupt bank ; that the ground being wet and springy, the water flows out of the side of the hill into the road, rendering it wet and muddy, no ditch having been constructed by the defendants to carry off the water.

It further appeared that the selectmen of Henniker, on the 23d day of November, 1849, caused to be served on the superintendent of the railroad a written notice and requisition to widen and straighten the passway at said crossing ; to grade the same, and to construct a ditch to carry off the water. Also, on the 19th day of April, 1850, the selectmen of Henniker made application to the road commissioners of the county to examine the crossing and remove the obstructions, of which application and requisition the corporation were duly notified by the road commissioners, on the 8th day of May, 1850; and on the 4th day of June, 1850, the commissioners met, and made inquiry in reference to the requisitions of the town of Henniker, at which time the corporation were present by counsel and by their president; and the road commissioners reported that the requisition was reasonable and proper, a certified copy of which report was served upon the railroad, on the 17th day of August, 1850. And, also, that on the 23d day of March, 1850, the selectmen made another requisition, in writing, upon said railroad, to remove the obstructions. Which several notices

and requisitions were given in pursuance of a vote of the town of Henniker.

It further appeared that the railroad had not removed the obstructions complained of, nor done any thing under said requisitions.

On this state of facts, the plaintiffs contended that they were entitled to recover of the defendants,

1st. The expenses to which the town has been subjected by reason of the incumbrance.

2. A sum of money sufficient to indemnify the town against all increase of expense occasioned by the incumbrance in building and maintaining highways; or to recover the value of the highway taken, and a fund sufficient to indemnify the town against any additional expense that may be necessary to keep any substitute in proper repair; also, the expense of laying out and constructing the same.

3d. That the question of damages should be submitted to the jury upon the above evidence.

The defendants maintained that, under this declaration, the plaintiffs could not recover on the foregoing statement of facts, or, at most, could only recover the damage which they actually sustained by the temporary obstruction of the highway previous to the commencement of the suit.

The case was transferred for the opinion of this court, upon the questions raised by the parties above stated.

*Tappan*, with whom were *Morrison* and *Smith*, for the plaintiffs.

This action was brought under the act of 1847, chapter 150, section 44 of the Compiled Statutes, to recover damges for obstructions and injuries to the plaintiffs' highway, occasioned by the construction of the defendants' railroad; and we contend that we are entitled to recover,

1st. The expenses to which the town has been subjected by reason of said incumbrances and obstructions. As part of these expenses, we claim to recover for the time spent

by the officers of the town, money paid, service of notices, &c.

2. A sum of money sufficient to indemnify the town against all increase of expense occasioned by the incumbrance in building and maintaining highways, or to recover the value of the highway taken, and a fund sufficient to indemnify the town against any additional expense that may be necessary to keep any substitute in proper repair; also the expense of laying out and constructing the same.

The facts, in this case, seem to be nearly the same as those in the case of *Troy* v. *Cheshire Railroad*, 3 Foster's Rep. 83; and the decision in that case would seem to leave the defendants no grounds for a successful defence in this.

It may be said that the sixth section of the defendants charter provides a remedy for the acts complained of, to which the plaintiffs must, according to the opinion of the court in that case, be confined. To which we reply, that the remedy provided by the charter applies only to obstructions occasioned by the intersections and crossings, and does not extend beyond them; and that the obstructions at the crossing are but a small part of the obstructions for which the plaintiffs claim to recover damages in this suit. The case shows that the defendants have filled up and obstructed nineteen rods of the plaintiffs' highway, without furnishing any proper substitute.

The rule of damages laid down in *Troy* v. *Cheshire Railroad* would seem to embrace the substance of our second proposition, but as the case does not state the facts in regard to the damages with sufficient particularity to enable the court to fix their amount, we contend,

3d. That the question of damages should be submitted to a jury.

*Perley,* with whom were *Baker & Peabody,* for the defendants.

We take the following positions :

1.   The statute of 1847, (Comp. Stat. ch. 150, § 44,) gives an action to recover at once all damages for any permanent obstruction of a highway, caused by building or maintaining a railroad.   The recovery is in the nature of a compensation for the right to maintain the road in its actual state. *Troy* v. *Cheshire Railroad*, 3 Foster's Rep. 101.

And for such an obstruction, within that statute, the statutory remedy must be pursued, because the statute gives the railroad an election to remove the obstruction, or apply to the road commissioners for their adjudication.

This case, if there were any obstruction, is within the statute.   Whatever the defendants have done has been done under their charter, in building and maintaining their road. But the declaration is not on the statute.   There is no allegation, direct or implied, that the obstruction was caused in building or maintaining the road.   The grievance is stated as a mere unauthorized and temporary obstruction.

No damages can be recovered at common law, because none follow necessarily from the nature of the act charged, and no actual damage is shown by the case.

3.   At most the plaintiffs can recover only for the actual damage they had sustained by the temporary obstruction, at the time when the suit was brought.   At common law, where the injury is caused by a mere wrongful act, done without authority, nothing can be recovered for prospective damages, because no recovery will authorize the defendant to continue the nuisance, and he may be sued in successive suits till he remove the nuisance, or the plaintiff may abate the nuisance by his own act.

But I feel so confident upon the first point, that the declaration is defective, that I do not think it really necessary to argue the question of damages at all.

EASTMAN, J.   The defendants are a corporation, duly established by the laws of this State, and by their charter

had the right, in the construction of their road, to do the acts complained of. For these acts the statute of 1847 provides a specific remedy. Comp. Stat. ch. 150, § 44. And where a statute authorizes the doing of certain acts, the necessary consequence of which is to damage the property of another, and at the same time provides a remedy for the recovery of the damages occasioned thereby, the party injured is confined to the statute remedy for such damages. *Lebanon* v. *Olcott,* 1 N. H. Rep. 339; *Woods* v. *Nashua Man. Co.* 4 N. H. Rep. 527; *Aldrich* v. *Cheshire Railroad,* 1 Foster's Rep. 359; *Troy* v. *Cheshire Railroad,* 3 Foster's Rep. 83; *Dearborn* v. *B., C. & Montreal Railroad,* 4 Foster's Rep. 187; *Stevens* v. *Middlesex Canal,* 12 Mass. Rep. 466; *Wolcott Woolen Man. Co.* v. *Upham,* 5 Pick. 292; *Calking* v. *Baldwin,* 4 Wend. 667; *Spring* v. *Russell,* 7 Greenl. 273.

The facts stated in this case shows it to be one falling within the provisions of the statute, and whatever recovery can be had must be upon a declaration framed accordingly.

As a declaration upon the statute the plaintiffs' is clearly defective. There is no allegation that the acts complained of were done in the construction of the road, or in maintaining it. The grievance complained of is set forth as an unauthorized and illegal act, and, with the exception that there is an allegation of sixty days notice, as required by statute, the declaration contains nothing indicating that it is founded upon the statute.

The declaration may be well enough at common law, and a recovery might, perhaps, be had upon such a state of facts as are therein set forth. But the facts disclosed in the evidence are such as will only sustain an action under the statute, and, therefore, a recovery cannot be had on a declaration at common law. They show that the grievances complained of were caused by the making of the road under the charter. They were acts authorized by law and by the charter, and being so, and a specific remedy being given

by statute, that remedy must be followed and a declaration drawn accordingly.

The law upon cases of this kind was so fully and well discussed in *Troy* v. *Cheshire Railroad*, already referred to, that we deem it unnecessary to examine the questions presented in this case further at this time.

Our opinion is, that the plaintiffs cannot maintain their action upon their present declaration; but they may have leave to move the common pleas to amend.