PERLEY *v.* B. C. & M. R. R. Co.

*Assessment of land damages—Rights of corporation and land-owners when road improperly built.*

Damages assessed by the proper board for land taken by a railroad corporation are in full, and it is not open to the land-owner to prove that certain other causes of damage were not considered.

The land-owner is not to be prevented from the reasonable and prudent use of his land by reason of the improper construction of the railroad; but if, using his land in a reasonable and prudent manner, he suffers damage from such improper construction, he may recover his damages, notwithstanding such use of his land was subsequent to the construction of the railroad.

FROM BELKNAP CIRCUIT COURT.

CASE, for injuries to the plaintiff's land and wharf on the Winnipiseogee river, below and adjoining the defendants' railroad. Trial before STANLEY, J., and a jury.

The declaration contained four counts, the substance of which was that the plaintiff was the owner of a certain tract of land adjoining the railroad, on which he had erected a wharf, and that the defendants had improperly constructed their bridge over said river, so that the water thereof was diverted from its natural course, and turned upon the plaintiff's wharf, whereby it was washed out, undermined, and injured. Plea, the general issue, with a brief statement of the statute of limitations.

The facts sufficiently appear in the opinion. Verdict for the defendants. The questions arising upon certain instructions to the jury were transferred to this court.

*Pike & Blodgett* and *Stone,* for the plaintiff.

*Mugridge, Whipple,* and *Jewell & Smith,* for the defendants.

CUSHING, C. J. The charge of the court seems to me to have been, in most respects, an admirable statement of the relative rights and duties of the plaintiff and the defendants. There is, however, one part of the charge which is open to objection. The court told the jury " that if no injury would have been occasioned to the plaintiff by the construction of the bridge by the defendants in the manner in which it was constructed if the plaintiff had not placed his wharf where he did place it, the defendants were not liable; that the plaintiff had no right to take advantage of the acts of the defendants to their prejudice; that if the acts of the defendants were wrongful, and yet if the plaintiff would not have been injured if he had allowed his property to

remain as it was before the wrongful acts of the defendants, the defendants are not liable; that if the construction of the wharf was the immediate cause of the damage complained of by the plaintiff, he cannot now recover damages therefor." The words "take advantage of" seem to imply an intention on the part of the plaintiff to build his wharf in such manner as to expose it to injury from the defendants' bridge, and if the charge went no further than this I should hold it to be correct; but I think the charge really does go further, to the extent of holding that the plaintiff, if he used his land for wharves, was to do so at his own peril; and that if, using all reasonable care and skill in their erection, they should still be injured by the wrongful acts of the defendants in building their bridge, he would be without remedy. This was, I think, going too far.

If a town negligently suffers its highway to be insufficient, the traveller cannot, therefore, take advantage of that neglect by unreasonably exposing himself to danger; and if he do so, he will be without remedy. But if in the exercise of ordinary care and prudence, such as the circumstances of the case require, he suffer injury from the negligence of the town, he may recover.

So in this case, although the plaintiff could not take advantage of the wrongful act of the defendants, still, if using reasonable care and skill in the erection of his wharf he should suffer injury by such wrongful act, I cannot see that it makes any difference that the plaintiff's erection was after and not before that wrongful act in point of time.

The court were requested by the plaintiff to give the following instructions:

I. That it is immaterial whether or not the bridge was built before the wharf; that priority in use by either the plaintiff or the defendants would confer no right upon either to obstruct or divert the natural and accustomed channel of the river to the injury of the other.

II. That the plaintiff had the right to make a reasonable use of the river bank along his shores for any beneficial purpose he pleased, and a like right to the use of the water of the river, provided his use was not to the injury of the defendants.

These instructions were correct in themselves, and were calculated to qualify that part of the charge which has been found objectionable. If, however, that part of the charge had remained, I do not think that its effect would have been certainly removed by adding these instructions to the charge.

The next two requests were as follows:

III. The defendants have not the right under their charter to divert or obstruct the natural current of the river to the injury of the plaintiff, unless such diversion was the natural and necessary consequence of the erection of a proper bridge across said river.

IV. That if in the erection of said bridge more piers were put in than was necessary, or if they were placed so as to divert or obstruct the natural current more than was necessary, or if the natural channel of the river was unnecessarily obstructed or diverted by the defend-

ants' embankments at either end of said bridge, the defendants did not make a reasonable and proper use of their rights if thereby the plaintiff had been injured.

These instructions were fully and completely contained in the charge, and I do not think, if given particularly, they would have added anything to its force. The legal position advanced in them—that *unnecessary obstructions were unreasonable*—could not have escaped the jury listening to the charge.

The fifth request was as follows :

V. That if the defendants unreasonably diverted the natural current of the river upon the plaintiff's land, and such diversion was the proximate or substantial cause of injury to the plaintiff, they are liable, though other causes for which they are not in fault may have contributed to the injury.

This request was clearly objectionable, because it made no distinction between contributory negligence of the plaintiff, and other contributing causes to the injury.

The sixth instruction requested was to the effect that if no damages were awarded for the wharf lot by the commissioners, and if the erection of the defendants' bridge has damaged the plaintiff in the beneficial use, occupation, or enjoyment of said lot, they are liable in this action for such damage, even though said bridge was constructed in a proper manner.

The court instructed the jury to the effect that the award of damages by the commissioners must be taken to be conclusive, and that no action can be maintained to recover further damages. This instruction is well supported by the following cases—*Aldrich* v. *Cheshire Railroad Co.*, 21 N. H. 359, *Clarke* v. *Railroad*, 24 N. H. 114, *Dearborn* v. *Railroad*, 24 N. H. 179—and is directly in contradiction to the foregoing request, which, therefore, was rightly refused.

For the reasons above stated the verdict must be set aside.

LADD, J. If the plaintiff had wantonly erected his wharf where he did, with the intention of exposing his property to destruction and bringing damage upon himself, in order that by so doing he might aggravate the consequences of the defendants' wrongful act in building their bridge in an improper or unsuitable manner, a different question would be presented. But it seems to me the charge does not bear that construction. It is true, the jury were told that the plaintiff had no right to take advantage of the acts of the defendants to their prejudice, which, taken by itself, looks somewhat in that direction, although it is not perhaps entirely clear what was meant by taking advantage of the defendants' acts to their prejudice. But the difficulty is, the jury were further told that if the defendants' acts were wrongful, nevertheless, if the plaintiff would not have been injured had he allowed his property to remain as it was before the wrongful acts of the defendants, the defendants were not liable. The effect of which was, to deprive the plaintiff of all right to make a reasonable and customary use of his property

in order to protect the defendants against the natural consequences of their own illegal act. He must so use his own as not to receive injury from the misconduct and wrong of his neighbor. This is not only an inversion of the rule *Sic utere tuo ut alienum non lœdas,* but it adds the extraordinary mandate that you shall not use your own at all, if by so doing you incur a liability to be injured by the trespass or other wrongful act of another.

Some remarks of BEARDSLEY, J., in *Cook* v. *The Champlain Transportation Co.,* 1 Den. 91, 100, 101, are so pertinent that I quote them. " It would be a startling principle indeed, that a building, placed in an exposed position on one's own land, is beyond the protection of the law; and yet it comes to this result upon the argument urged in this case. A land-owner builds immediately on the line of a railroad, as he has an unquestionable right to do;—it may be an act of great imprudence, but in no sense is it illegal. Is he remediless if his house is set on fire by the sheer negligence of an engineer in conducting his engine over the railway ? * * The owner of a lot builds upon it, although in close proximity to the shop of a smith. The house is more exposed than it would be at a greater distance from the shop: but is this to exempt the smith from the obligation of care, and to screen him from the consequences of his own negligence ? " Several other apt illustrations are given, and the learned judge concludes : " We may run through every imaginable variety of position, some of more and some of less exposure and hazard, and we must at last, I think, come to the conclusion that, while a person confines himself to a lawful employment on his own premises, his position, however injudicious and imprudent it may be, is not therefore wrongful; and that his want of due care and judgment in its selection can never amount to negligence, so as thereby to deprive him of redress for wrongs done to him by others."

I think it is impossible to sustain this part of the charge, and that for this reason the verdict must be set aside.

The ruling, that the award of the commissioners must be held to cover all damages which would result to the plaintiff from a suitable and proper construction of the railroad across his lands, was correct.

As to the requests, some of them seem to be quite unobjectionable ; but at the same time, with the exception already pointed out, the charge appears to cover the whole ground, and to include everything in the requests that was germane, or called for by the facts in the case.

SMITH, J. Under the instructions given, the jury may have found that the defendants did not construct their bridge in a suitable manner, and that the plaintiff's wharf was properly constructed. The instructions denied to the plaintiff the right to make a lawful use of his land except at his own risk, if he would thereby receive injury from the defendants' bridge, although improperly constructed. That they were erroneous in this particular it seems to me cannot admit of doubt, for reasons more fully explained by my brethren, and which need not be repeated.

If the defendants properly constructed and maintained their bridge, and if the necessary result of the plaintiff's constructing his wharf was that the damages which did happen to him would have happened, the defendants are not liable, because it must be considered that all that was taken into the account and considered in the original award of damages; and the instructions on this part of the case were therefore correct.

The instructions to the jury in other respects were correct,—just what were called for by the facts appearing in the evidence, and admirably calculated to aid the jury in gaining a clear apprehension of the law applicable to the case. They covered the special instructions requested by the plaintiff, so far as they were called for. But for error in the instructions, as above explained, the verdict must be set aside, and

*A new trial granted.*